## SACHS *v.* SACHS.

[No. 14,886.  Filed April 7, 1933.  Petition to reinstate denied June 20, 1933.]

*Benjamin F. Zieg,* for appellant.

*Charles P. Bock,* for appellee.

CURTIS, C. J.—This was an action by the appellee against the appellant for a separation from bed and board for a limited time as provided by sections 1122, 1123, 1124, 1125 and 1126, Burns R. S. 1926. The complaint was filed in the Superior Court of Vanderburgh County on the 8th day of January, 1932.  ·The affidavit of the appellee as to her residence was a part of the complaint and was subscribed and sworn to by her before a notary public on the 7th day of January, 1932,

which was one day before the complaint was filed. To this complaint the appellant filed an answer in general denial and also a cross-complaint asking for an absolute divorce from the appellee.

The cause was submitted to the court for trial upon the complaint and the answer and cross-complaint above mentioned. The court found against the appellant on his cross-complaint, and for the appellee on her complaint that she should have a separation from bed and board from the appellant for a period of two years from the 14th day of July, 1932. There were other findings as to the custody of the children and their support and visits by the father, also as to the use of certain property, both real and personal, and as to costs, but it is not necessary herein to set out such findings. The decree and judgment followed the findings and was entered July 14, 1932.

The appellant, on December 7th, 1932, filed a motion to strike from the records, "the order, finding, judgment and decree heretofore entered." This motion was based upon the alleged fact that the complaint was filed on January 8th, 1932, and that it was sworn to on the day before, to wit: on January 7th, 1932, by the appellee. It was contended that said verified complaint did not show that the appellee "had been a bona fide resident of Vanderburgh County, State of Indiana, continuously for more than two years immediately preceding the filing of said verified complaint" and that by reason thereof the court did not have jurisdiction. The motion was overruled and an exception taken by the appellant to said ruling.

The praecipe to the clerk directed him to prepare a transcript of the record for an appeal to this court from a judgment that "was rendered on the 14th day of July, 1932." A transcript with a purported assignment of error attached thereto was

filed in this court January 7th, 1933. This alleged assignment of error contains six specifications, the first three of which are each based upon the contention that the court had no jurisdiction of the subject matter of the appellee's complaint by reason of the fact that the complaint was not properly verified on the same day as filed. The 4th, 5th, and 6th specifications are each based upon the contention that the court had no jurisdiction of the cross-complaint of the appellant by reason of the above alleged defects in the verified complaint of the appellee. It will thus be seen that the only thing that is attempted to be challenged by the appellant is the fact that the verified complaint was sworn to on January 7th, 1932, and not filed until the next day, and also the fact that it was sworn to before a notary public and not before the clerk. The question as to the latter alleged defect has been determined adversely to the appellant's contention in a long line of unbroken decisions. See: *Eastes* v. *Eastes* (1881), 79 Ind. 363 and the numerous cases following that case.

The appellee has filed a motion to dismiss this appeal based upon the legislation contained in Re-engrossed Senate Bill No. 88, Acts 1933, p. 1097, Chapter 241, §§1097, 1097-1, Baldwin's Ind. St. Supp. 1933, approved by the Governor March 11, 1933, which contains an emergency clause making it effective from and after its passage. Section 2 of said act provides as follows: "No judgment made and entered in any divorce case in which the complaint was not filed on the same day that the affidavit of residence of the plaintiff was made, or in which the affidavit was subscribed and sworn to before an officer of this state authorized to administer oaths, other than the Clerk of the Circuit Court, shall be invalid for that reason, or for either of such reasons, but such judgments so made and entered are hereby legalized and rendered valid and binding."

Proceedings for a separation from bed and board, sometimes referred to as proceedings for a limited divorce, are governed by the same statutory requirements as to residence and proof thereof as in absolute divorce proceedings and the practice and proceedings of the court are the same as in cases of absolute divorce. See Section 1123, Burns R. S. 1926.

It is apparent upon the face of the purported assignment of error in the instant case that the question sought to be presented is now a moot question under the Act of 1933, *supra*. The motion to dismiss the appeal is sustained and the appeal ordered dismissed.

Appeal dismissed.